**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ADRIAN BALLARD,**

                      **Plaintiff,**　　　　　　　　**5:14-cv-1340
　　　　　　　　　　　　　　　　　　　　　　　　(GLS/TWD)**

                      **v.**

**EDWARD JACKSON et al.,**

                      **Defendants.**
_____

## SUMMARY ORDER

Plaintiff Adrian Ballard commenced this diversity action against defendant *pro se* Edward Jackson and defendant US Bank Home Mortgage (hereinafter "U.S. Bank"), alleging breach of contract, breach of the covenant of good faith and fair dealing, fraud/intentional misrepresentation, constructive fraud/negligent misrepresentation, and violations of § 349 of New York's Consumer Protection from Deceptive Acts and Practices law, in connection with a residential mortgage agreement, Ballard's efforts to secure a loan modification, and U.S. Bank's ultimate foreclosure action. (Compl., Dkt. No. 1.) Pending is Jackson's motion to dismiss the complaint for lack of subject matter jurisdiction pursuant Fed. R. Civ. P. 12(b)(1). (Dkt. No. 11.) For the reasons that

follow, Jackson's motion is denied.

In deciding a motion to dismiss pursuant to Rule 12(b)(1), the court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). As relevant here, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "[I]t is well established that [t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commnc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (internal quotation marks and citations omitted). Diversity is complete when the complaint "demonstrate[s] that [the plaintiff] does not share citizenship with any of the defendants." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) (citation omitted).

Here, the complaint alleges that "the parties are completely diverse in citizenship," as Ballard is a resident of New York, U.S. Bank is headquartered in Minnesota, and Jackson is a resident of Washington,

2

D.C. (Compl. ¶¶ 1-3, 5.) Additionally, the complaint alleges that "the amount in controversy exceeds $100,000.00." (*Id.* ¶ 5.)

Nevertheless, Jackson contends that the court lacks subject matter jurisdiction, arguing that, because he and Ballard entered into a domestic partnership in Washington, D.C., and "[t]he property in question was purchased during the domestic partnership," this case should have been brought in "the District of Columbia Superior Court." (Dkt. No. 11 at 2-3.) Jackson further argues that Ballard has not satisfied the amount in controversy requirement, essentially claiming that, to the extent that Ballard suffers damages in excess of $75,000, it will be his own fault for "maliciously ignor[ing Jackson]'s good faith efforts to reach an agreement . . . to settle." (*Id.* at 4-6.)

Jackson's first argument misses the mark. That the District of Columbia Superior Court may have jurisdiction over this dispute, or even that it may be a more appropriate forum to resolve this dispute, is of no moment. As long as the two requirements of 28 U.S.C. § 1332(a)(1) are satisfied—complete diversity of citizenship and an amount in controversy that exceeds $75,000—this court has jurisdiction. There is no dispute that the parties here are diverse, and, as discussed below, the amount in

controversy requirement has been met.

Turning to Jackson's second argument, the amount in controversy is measured "as of the date of the complaint." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). Moreover, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id.* (internal quotation marks and citations omitted). As the Second Circuit has noted, "[t]his burden is hardly onerous," because courts "recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* (internal quotation marks and citations omitted). To overcome this presumption, "the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold," which has been described as "a high bar." *Id.* (internal quotation marks and citations omitted). Generally,

> the amount in controversy falls below the threshold only in three situations: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of substantive law or measure of damages limits the money recoverable by the plaintiff; and 3) when independent facts show that the amount of damages was claimed by the plaintiff merely to

4

obtain federal court jurisdiction.

*Brown v. N.Y. State Supreme Court for the Second Judicial Dist.*, 680 F. Supp. 2d 424, 429 (E.D.N.Y. 2010) (internal quotation marks and citation omitted).

As noted above, the complaint clearly states that the amount in controversy "exceeds $100,000.00." (Compl. ¶ 5.) Thus, the court presumes that this is a good faith representation of the amount in controversy. *See Scherer*, 347 F.3d at 397. Moreover, in his opposition to Jackson's motion, Ballard submitted an affidavit, in which he states that, "[t]he *past due* amount owed [on the mortgage, for which Jackson and Ballard are jointly and severally liable], is at least $219,923.49," and further notes that he is "liable for over $600,238.12" as the result of a foreclosure action. (Dkt. No. 19 at 2); *see Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." (citation omitted)). Jackson, arguing only that Ballard has not met the amount in controversy solely because any damages would be self-inflicted due to his refusal to settle, (Dkt. No. 11 at 5-6), has failed to overcome the presumption. Indeed, he has failed to cite

any contract limiting Ballard's possible recovery, a specific rule of substantive law or measure of damages restricting Ballard's damages, or any independent facts suggesting that the amount in controversy stated in the complaint was invented solely to obtain federal jurisdiction. *See Brown*, 680 F. Supp. 2d at 429. Jackson's motion, therefore, is denied.

Accordingly, it is hereby

**ORDERED** that Jackson's motion to dismiss (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that the parties notify Magistrate Judge Thérèse Wiley Dancks to schedule further proceedings in this matter; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

August 24, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court